UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS N. MOORE,

                  **Plaintiff,**

          v.                                5:05-CV-5
                                                  (FJS/GJB)

SYRACUSE CITY SCHOOL DISTRICT, STEPHEN C.
JONES, RANDOLPH WILLIAMS, DAVID CECILE,
and MARGRET WILSON,

                  **Defendants.**

**APPEARANCES**                                       **OF COUNSEL**

**THOMAS N. MOORE**
Syracuse, New York 13202
Plaintiff *pro se*

**OFFICE OF SYRACUSE**                    **DAVID H. WALSH, ESQ.**
**CORPORATION COUNSEL**
300 City Hall
Syracuse, New York 13202
Attorneys of Defendants

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff asserts causes of action for (1) disparate treatment racial and sexual discrimination pursuant to Title VII, (2) racial and sexual discrimination pursuant to New York Executive Law §§ 290-301 ("Human Rights Law"), (3) hostile work environment pursuant to Title VII, (4) racially motivated treatment and demotion pursuant to 42 U.S.C. § 1983, and (5) intentional infliction of emotional distress.

Currently before the Court is Defendants' motion to dismiss all causes of action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. BACKGROUND[1]

Although Plaintiff makes a large number of allegations, relatively few of them are pertinent to the resolution of the current motion. He alleges that, in January 2002, upon the referral of Defendant Jones, Defendant Williams, the Director of Personnel for Defendant Syracuse City School District ("SCSD"), interviewed him for a position as a Daily Substitute Teacher. Defendant Williams hired Plaintiff for the position at that time. During the course of his employment, Plaintiff had problems with Defendants' failure to enforce Defendant SCSD's dress code, hostile students, and the racially insensitive remarks of students, teachers, and Defendants Williams and Cecile. In April 2003, Defendant Cecile, Principal of Shea Middle School, requested that Defendant Williams not allow Plaintiff to return to that school. In May 2003, Defendant Williams sent Plaintiff a letter of dismissal.

In July 2003, Plaintiff filed a complaint with the New York State Division of Human Rights ("DHR") against Defendant SCSD alleging racial and sexual discrimination. On September 23, 2004, the Equal Employment Opportunity Commission sent Plaintiff a right-to-sue letter, which he received on October 4, 2004.

---

[1] Given the procedural posture of this case, the Court assumes that the allegations in Plaintiff's complaint are true.

-2-

### III. DISCUSSION

**A.    Standard of review**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Hence, dismissal is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (quotation omitted).

**B.    Plaintiff's VII claims**

Defendants contend that Plaintiff's Title VII claims are untimely because he filed his complaint more than ninety days after receiving the right-to-sue letter.

A plaintiff asserting a Title VII claim must file his complaint within ninety days of receiving his right-to-sue letter. *See Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) (citation omitted). A court may normally "assume[ ], in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citation omitted). A court generally "assume[s] that a mailed document is received three days after its mailing." *Id.* at 525-26 (citation omitted). However, "[w]hen, as here, the complaint alleges a late date of receipt, or non-receipt, for purposes of a 12(b)(6) motion, a court must accept the allegation as true, and deny defendant's motion to dismiss for timeliness." *Harrison v. N.Y. City Admin. for Children's Servs.*, No. 02 Civ. 0947, 2003 WL 21640381, *3 (S.D.N.Y. July 7, 2003) (citations

omitted).

Plaintiff's right-to-sue letter is dated September 23, 2004. *See* Dkt. No. 1 at ¶ 17 and Exhibit "A" attached thereto. However, Plaintiff's complaint alleges that he received the right-to-sue letter on October 4, 2004. *See id.* at ¶ 17. Plaintiff filed his complaint on January 3, 2005. *See* Dkt. No. 1. January 3, 2005, was the ninety-first day after October 4, 2004. However,

> [i]n computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is . . . a Sunday . . . .

Fed. R. Civ. P. 6(a). January 2, 2005, was a Sunday. Therefore, accepting the allegations of Plaintiff's complaint for purposes of this motion, Plaintiff timely filed his Title VII claims.

Nonetheless, although Defendants do not raise this issue, it is beyond dispute that "'individuals are not subject to liability under Title VII.'" *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (quotation and other citation omitted). Accordingly, the Court *sua sponte* grants Defendants' motion to dismiss Plaintiff's Title VII claims against the individuals Defendants.

## C.  Plaintiff's Human Rights Law claims

Defendants argue that Plaintiff's filing of a complaint pursuant to the Human Rights Law with the DHR bars him from filing a subsequent Human Rights Law claim in federal court.

The Human Rights Law provides, in pertinent part, that

> [a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of the this

> chapter, provided, where the division has dismissed such complaint on the grounds of administrative inconvenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to suit as if no complaint had been filed with the division. . . .

*See* N.Y. Exec. Law § 297(9) (McKinney 2005). Therefore, a plaintiff must elect between seeking judicial relief and pursuing an administrative remedy before the DHR. "Federal courts . . . must strictly adhere to New York's election of remedies scheme. . . . Thus [they] may not adjudicate a claim of unlawful discriminatory practice under section 296 which has already been filed with the state DHR unless the DHR dismissed the claim for administrative convenience." *DeWald v. Amsterdam Hous. Auth.*, 823 F. Supp. 94, 99 (N.D.N.Y. 1993) (citation and internal citation omitted).

On August 12, 2003, subsequent to all the events giving rise to Plaintiff's claims, he filed a verified complaint with the DHR alleging racial and sexual discrimination. *See* Plaintiff's Memorandum of Law at Exhibit "A" at 1. On June 15, 2004, the DHR dismissed his complaint upon a finding of "NO PROBABLE CAUSE." *See id.* Therefore, he is barred from asserting a Human Rights Law claim in federal court based upon the same allegations that were before the DHR. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Human Rights Law claims.

**D.     Plaintiff's § 1983 claims**

*1. Defendant SCSD*

As a municipal entity, Defendant SCSD may only be liable under § 1983 "if its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004) (quotation and footnote omitted). Unfortunately, throughout Plaintiff's complaint, he refers to "Defendant" taking various actions, without identifying the person or persons immediately responsible for each action. Only one of the actions of which Plaintiff complains appears to have been taken by a person or persons whose action the Court may fairly say represents Defendant SCSD's official policy. Plaintiff alleges:

> 30. On or about March 30, 2002 Plaintiff informed Randolph Williams of racial and discriminated [sic] practice in SCSD. Defendant alone [sic] alone with Plaintiff about the hiring of more Black Coaches.
>
> 31. Plaintiff discussed the need for SCSD to head off this unofficial polices [sic] within the High Schools in order to get more Black Coaches in football.
>
> 32. Plaintiff was not giving [sic] the chance to work as a coach due to racial discrimination. Plaintiff was held to a different standard as to [sic] white male coaches.
>
> 33. Defendant on or about July, 2002 was aware of its racial unofficial practice in High School Football Coaches, and failed to take appropriate steps to prevent them.

*See* Dkt. No. 1 at ¶¶ 30-33. The Court finds that Plaintiff's complaint, construed liberally, alleges that Defendant SCSD had a custom or policy of not hiring black football coaches and that this custom or policy injured Plaintiff. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's § 1983 claims against Defendant SCSD.

### 2. Individual Defendants

Although Defendants contend that a plaintiff must expressly allege that a defendant acted under color of state law in order to state a § 1983 claim, they have not cited any authority

for that proposition.  Therefore, the question is whether Plaintiff's allegations against the individual Defendants indicate that the actions that they allegedly took were under the color of state law.  "'[A] person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."'"  *Back*, 365 F.3d at 122-23 (quotation and other citation omitted).

Beyond an allegation that Defendant Jones is a black male citizen of the United States who transacts business in the City of Syracuse, *see* Dkt. No. 1 at ¶ 9, Plaintiff only mentions Defendant Jones in two other paragraphs of his complaint.  He alleges that Defendant Jones gave him a business card and referred him to Defendant Williams to interview as a substitute teacher. *See id.* at ¶ 19.  He also alleges that on March 1, 2002, he reported to Defendant Jones the harassment and retaliation that he was allegedly suffering in the schools.  *See id.* at ¶ 28. Plaintiff, however, has not alleged that Defendant Jones took any actions against him under the color of state law.  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's § 1983 claims with respect to Defendant Jones.

Plaintiff alleges that Defendant Williams is Defendant SCSD's Director of Personnel. *See id.* at ¶ 19.  Although the legal significance of many of Plaintiff's allegations against Defendant Williams is questionable, Plaintiff alleges that on May 6, 2003, he received a letter from Defendant Williams dismissing him as a substitute teacher.  *See id.* at ¶ 41(ee).  Defendant Williams' letter of dismissal was apparently only effective because he was clothed with the authority of state law to take certain actions on behalf of Defendant SCSD.  Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's § 1983 claims with respect to Defendant Williams on this basis.

Plaintiff alleges that Defendant Cecile is the Principal of Shea Middle School and that, on April 23, 2003, Defendant Cecile made a request to Defendant Williams that Plaintiff not be allowed to return to the school. *See id.* at ¶ 41(m), (y). Defendant Cecile's power to make such a request was apparently the result of his authority under state law to take certain actions on behalf of the school. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's § 1983 claims with respect to Defendant Cecile on this basis.

Beyond an allegation that Defendant Wilson is a white female citizen of the United States who transacts business in the City of Syracuse, *see* Dkt. No. 1 at ¶ 12, Plaintiff only mentions her in two other paragraphs of his complaint. He alleges that she is the Vice Principal of Shea Middle School. He also alleges that, on April 10, 2003, when he reported to her that a teacher had made racial comments to him, she refused to let him write an incident report and told him that Defendant Cecile would contact him about the incident. *See id.* at ¶ 41(v), (w). Plaintiff, however, has not alleged that Defendant Wilson took any actions against him under the color of state law. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's § 1983 claims with respect to Defendant Wilson.

**E.     Plaintiff's intentional infliction of emotional distress claims**

Defendants argue that Plaintiff has failed to comply with New York General Municipal Law § 50-e. Section 50-e(1)(a) provides, in pertinent part, that

> [i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises . . . . .

N.Y. Gen. Mun. Law § 50-e(1)(a) (McKinney 2005). An intentional infliction of emotional distress claim is a tort claim that requires a plaintiff to file a notice of claim. *See Carter v. Port Auth. of N.Y. & N.J.*, No. 03 Civ. 8751, 2004 WL 2978282, *5 (S.D.N.Y. Dec. 20, 2004); *Rivas v. Suffolk County*, 326 F. Supp. 2d 355, 360-61 (E.D.N.Y. 2004) (quotation omitted); *Noel v. Houtman*, No. 94-CV-1647, 1997 WL 176316, *8 (N.D.N.Y. Apr. 8, 1997) (citations omitted). Defendant SCSD is a "public corporation" under New York law. *See* N.Y. Gen. Constr. Law § 66(1), (2) (McKinney 2005). Plaintiff has neither submitted a copy of his notice of claim nor even asserted that he served such a notice upon Defendants. Accordingly, the Court grants Defendants' motion to dismiss with respect to Plaintiff's intentional infliction of emotional distress claims.

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's Title VII claims is **DENIED** with respect to Defendant Syracuse City School District and is **GRANTED** with respect to Defendants Jones, Williams, Cecile, and Wilson; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's Human Rights Law claims is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's § 1983 claims is **GRANTED** with respect to Defendants Syracuse City School District, Jones, and Wilson and is **DENIED**

with respect to Defendants Williams and Cecile; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff' intentional infliction of emotional distress claims is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 8, 2005
      Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Chief United States District Court Judge