UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------
THOMAS N. MOORE,

                            Plaintiff,

                                                        9:05-CV-0005
  -v.-                                                 (FJS)(GJD)

DR. STEPHENS C. JONES, *et al.,*

                            Defendants.
----------------------------------------------------------------------
**APPEARANCES:**                             **OF COUNSEL:**

THOMAS N. MOORE
Plaintiff, *pro se*

OFFICE OF SYRACUSE                    JAMES P. MCGINTY, ESQ.
CORPORATION COUNSEL
Attorneys for the Defendants


GUSTAVE J. DiBIANCO, U.S. MAGISTRATE JUDGE

## **ORDER**

     Presently before this Court is Plaintiff's third Motion for Appointment of Counsel. Docket No. 59. Such Motion indicates that Plaintiff has been unsuccessful in his efforts to obtain *pro bono* counsel on his own. *See* Docket No. 59. Thus, this Court may properly consider the present Motion.

     By way of background, this action was filed on January 3, 2005. Plaintiff's first Motion for Appointment of Counsel was denied by Order dated January 7, 2005. Docket No. 4. In the January Order the Court advised Plaintiff that:

> After the defendants have responded to the allegations in Moore's complaint and discovery has been undertaken by the parties, plaintiff may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit. *Id.*

Thereafter, Defendants filed a Motion for Judgment on the Pleadings. Docket No. 7. That Motion was granted in part, and denied in part, on June 8, 2005. Docket No. 28. Plaintiff filed his second Motion for Appointment of Counsel on March 17, 2005. Docket No. 13. On June 30, 2005 Chief Judge Scullin denied Plaintiff's second Motion for Appointment of Counsel. Docket No. 41. In the June 2005 Order Judge Scullin noted that the parties had not engaged in any discovery. *Id.* Judge Scullin found that the Court was "still unable to determine whether Plaintiff's position is likely to be one of substance." *Id., page 4.* Judge Scullin noted that the fact that some of Plaintiff's claims survived the Motion for Judgment on the Pleadings was not sufficient to meet the standard applicable to a Motion for Appointment of Counsel. *Id.* Further, Judge Scullin observed:

> ...there is nothing before the Court that would suggest Plaintiff's inability to develop the factual basis of his claims or to present his case, the role that cross-examination might play in the trial of this case, the complexity of this case, or any special reason that would recommend the appointment of counsel. Accordingly, the Court denies without prejudice Plaintiff's motion for appointment of counsel. The Court also notes, as did Magistrate Judge DiBianco, that ***after discovery occurs***, Plaintiff may be able to satisfy the standard for appointment of counsel and may move for such relief ***at that time***." *Id.* (emphasis supplied).

The parties have participated in, and completed, the early neutral evaluation of this case. Docket No. 58. Accordingly, it would appear that discovery, if any, may have only recently commenced. In fact, Plaintiff's Motion states that he is seeking assistance in proceeding with disclosure. Docket No. 59. Further, Plaintiff's ability to effectively engage in the litigation process thus far demonstrates Plaintiff's ability to present and defend his claims. Thus, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

2

The Court finds that, based upon the existing record in this case, appointment of counsel is unwarranted. Plaintiff may only file another Motion for Appointment of Counsel in the event he can demonstrate ***specific*** changed circumstances that would warrant the granting of such a Motion. Otherwise, the Court will consider appointment of *pro bono* counsel in this action when the case is determined to be trial ready.

The Court notes that the deadlines established in the prior Scheduling Orders have lapsed due to the motion practice before the Court. Accordingly, the pretrial deadlines will be re-set, as detailed below.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for Appointment of Counsel (Docket No. 59) is **DENIED**, and it is further

ORDERED, that the discovery deadline is re-set for **September 29, 2006**, the Motion to Compel filing deadline is re-set to **October 30, 2006**, and the dispositive motion filing deadline is re-set to **January 19, 2007**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: June 28, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge